# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRUIST BANK, formally known as Branch Banking and Trust Company,<br>    Plaintiffs,<br><br>        v.<br><br>JOSEPH B. ELAD,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. N23C-02-243 DJB |

Submitted: December 8, 2023
Decided: December 11, 2023

## **ORDER**

This 11th day of December, 2023, upon consideration of Defendant Joseph B. Elad's ("Defendant") pending motions, the record of this civil action ("Ejectment Action"); and the record of the related *Sci Fa Sur* Mortgage Action (the "Foreclosure Action"),[1] it appears to the Court that:

1. On September 8, 2021, this Court entered judgment against Defendant Joseph B. Elad ("Defendant") in the Foreclosure Action.[2]

2. Defendant unsuccessfully moved to stay and vacate the judgment in the Foreclosure Action on numerous occasions.[3]

3. On March 8, 2022, 2700 Philadelphia Pike, Claymont, DE (the

---

[1] N17L-06-100 EMD.
[2] N17L-06-100 EMD - D.I. 50, 53, 82.
[3] N17L-06-100 EMD - D.I. 53, 57, 59, 64, 73-74.

"Property") was purchased at Sheriff Sale by Plaintiff.[4]

4.      Following the sale, Defendant filed multiple amended counterclaims against Plaintiff alleging lack of due process, fraud, conspiracy, and judicial misconduct, among other theories.[5]   On June 30, 2022, the Court dismissed Defendant's counterclaims with prejudice, noting the time to file such counterclaims expired under Rule 13 of the Delaware Superior Court Rules of Civil Procedure.[6]   Notably, Defendant's counterclaims generally reasserted previously denied claims seeking to vacate or stay the Sheriff's Sale.[7]   Defendant continued to file repetitive motions, which led the Court to reject future filings from Defendant without leave of the Court.[8]

5.      After the conclusion of the Foreclosure Action, Defendant continued to occupy the Property, prompting Plaintiff to file the instant Ejectment Action on February 28, 2023.[9]

6.      On March 24, 2023, the Court issued a Rule to Show Cause, to which Defendant responded on April 25, 2023.[10]   That same day, Defendant filed a host of counterclaims against Movants, which largely seek to relitigate issues

---

[4] N17L-06-100 EMD - D.I. 80.
[5] N17L-06-100 EMD - D.I. No. 77-78, 81, 86, 90.
[6] N17L-06-100 EMD - D.I. 82.
[7] N17L-06-100 EMD - D.I. 53, 59, 64.
[8] D.I. 95.  In so deciding, the Court determined the repetitive filings were frivolous.
[9] N23C-02-243 DJB - D.I. 1.
[10] N23C-02-243 DJB - D.I. 3, 9.

considered and denied by this Court in the Foreclosure Action.[11]  On May 30, 2023, Movants moved to dismiss the counterclaims.[12]  That motion was granted and the counterclaims were dismissed.[13]  The Writ of Ejectment/Possession requested in the initial Complaint was then Ordered.[14]  The Court, however, declined to award costs to Plaintiff, despite the numerous attempts made to evade the legal process by Defendant by means of continuous, legally baseless filings.[15]

7.      Defendant filed a Motion to Reopen[16] the ejectment action, which was denied.[17]  Defendant also filed a Writ of Habeas Corpus and Writ of Mandamus.[18] Both of which were also denied.[19]

8.      Defendant filed the instant Motion for Recusal and Dismissal of the prior Court Orders and a demand to "hear habeas corpus" on November 3, 2023, and they were docketed on November 6, 2023.  Defendant supplemented these motions on November 13, 2023, including a request for an immediate injunction.[20] These motions were jointly denied on December 11, 2023.

9.      Defendant has been repeatedly filing various documents and motions

[11] N23C-02-243 DJB - D.I. 10.
[12] N23C-02-243 DJB - D.I. 20.
[13] N23C-02-243 DJB - D.I. 35.
[14] N23C-02-243 DJB - D.I. 44.
[15] N23C-02-243 DJB - D.I. 35.
[16] N23C-02-243 DJB - D.I. 37.
[17] N23C-02-243 DJB – D.I. 45.
[18] N23C-02-243 DJB - D.I. 42.
[19] N23C-02-243 DJB – D.I. 46.
[20] N23C-02-243 DJB – D.I. 37, 38; 47.

both in this Court and in the Supreme Court of Delaware.[21]

10.      Defendant, on December 5, 2023, filed his "Motion for Default," which includes a demand for a jury and multiple exhibits.[22] It appears that through an Attachment, Defendant is making a motion to vacate the judgment issued in the ejectment case. Defendant additionally filed a "Motion for Judicial Notice of Adjudicative Fact of the Defendant's Motion for Default" which was submitted on December 4, 2023, but filed on December 5, along with the Motion for Default.[23] Defendant's arguments are the same arguments contained in his previous filings, with the exception of an updated procedural history claiming error in the granting of the ejectment order. Pursuant to Superior Court Civil Rule 59(e), a motion for reargument must be filed within five (5) days of the Court's opinion or order. The final order of ejectment was filed by the Court on November 9, 2023, therefore this Motion is untimely. The Court does not have discretion to enlarge this time.[24] Nevertheless, Defendant did not argue nor provide support for any allegation that the Court overlooked a precedent or controlling legal principle. Therefore, this motion is **DENIED**. To the extent the Motion for Default is not asking for reargument, it is **DENIED** as frivolous, as it fails to state a basis upon which relief can be granted, nor does it allege any requested relief within the bounds of the law.

---

[21] IMO Petition of Joseph B. Elad, Writ of Habeas Corpus, 417, 2023.
[22] N23C-02-243 DJB - D.I. 59-63.
[23] N23C-02-243 DJB – D.I. 76.
[24] *McDaniel v. Daimler Chrysler Corp.*, 860 A.2d 361 (Del. 2004).

11. Defendant has also filed three (3) additional motions for "Judicial Notice of Adjudicative Fact."[25]

12. In his Motion filed December 5, 2023,[26] Defendant appears to be rearguing the petitions he filed for a Writ of Habeas Corpus and Mandamus. These writs were previously denied and Defendant fails to argue nor provide support for any allegation that the Court overlooked a precedent or controlling legal principle.[27] Therefore, this motion is **DENIED**.

13. In another Motion filed December 5, 2023,[28] Defendant appears to be rearguing the Motion for an In-Person Hearing. Defendant's motion was partially granted in that a hearing was held on the Order of Ejectment and Motion to Dismiss Counterclaims, all per Defendant's request. Defendant failed to appear.[29] Here, Defendant fails to argue nor provide support for any allegation that the Court overlooked a precedent or controlling legal principle.[30] Therefore, this motion is **DENIED**.

14. Defendant's final Motion for Judicial Notice of Adjudicative Fact was likewise filed on December 5, 2023,[31] simply cites to various articles of the

---

[25] N23C-02-243 DJB – D.I. 65, 69, 75.
[26] N23C-02-243 DJB – D.I. 69.
[27] Superior Court Civil R. 59.
[28] N23C-02-243 DJB – D.I. 65.
[29] N23C-02-243 DJB – D.I. 33.
[30] Superior Court Civil R. 59.
[31] N23C-02-243 DJB – D.I. 75.

Delaware Constitution and case law without making a legal argument or advancing a claim. It is noteworthy that the legal authority presented is identical to the citations contained in multiple of Defendant's previously filed submissions. This document is neither a true motion, nor seeks relief, and is therefore **DENIED**.

15. Given these findings and the previous findings in this case, as well as the findings in the initial foreclosure action, the Court will not continue to address Defendant's filings. After expending considerable time and effort reviewing and attempting to decipher Defendant's filings, the Court finds they are all meritless. The issues involving the initial foreclosure action and the instant eviction proceeding have already been decided by this Court and will not be revisited. Defendant is simultaneously filing in the Supreme Court and in this Court and is draining the Court's limited resources and adversely affecting the administration of justice through the continued frivolous filings.[32]

16. As a result, Defendant is now enjoined from filing any documents in the Superior Court without leave of court pursuant to 10 *Del. C.* § 8803(e). This, however, does not affect Defendant's ability to file a Notice of Appeal of any rulings in the Delaware Supreme Court.

**WHEREFORE, IT IS HEREBY ORDERED THAT** all of Defendant's pending motions, pleadings, petitions and requests in the above-referenced actions

---

[32] *See In Re Kostyshyn*, Nos. 406, 2023; 407, 2023; 428, 2023; 429, 2023, ORDER at ¶ 4, Del. Supr., Seitz, C.J., November 21, 2023.

are **DENIED**. **IT IS HEREBY FURTHER ORDERED THAT** pursuant to 10 *Del. C.* § 8803(e), Defendant is enjoined from filing any documents in the Superior Court without leave of court. All future requests to file must be made in the Prothonotary's office and not by use of the Superior Court drop box. The Prothonotary is instructed to reject any future filings from Defendant unless accompanied by an affidavit certifying that:

(1) The claims sought to be litigated have never been raised or disposed of before in any court;

(2) The facts alleged are true and correct;

(3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;

(4) The affiant has no reason to believe the claims are foreclosed by controlled law; and

(5) The affiant understands that the affidavit is made under penalty of perjury.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

Cc: Counsel via File&Serve Express
Joseph E. Elad (via United States Postal Service)